# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE

**KIROLESS SAMIR HABIB ABDELMALAK**
(A# 246-912-698),

Petitioner,

v.

**SCOTT LADWIG,**
Acting Director of the New Orleans Field Office of U.S. Immigration and Customs Enforcement;

**DAVID VENTURELLA,** Acting Director, U.S. Immigration and Customs Enforcement;

**MARKWAYNE MULLIN,**
Secretary of the U.S. Department of Homeland Security;

**TODD BLANCHE,** Acting Attorney General of the United States,

Respondents.

Civil Action No. 3:26-cv-01366

**ORDER GRANTING PETITIONER'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER**

## TEMPORARY RESTRAINING ORDER

The Petitioner was taken into custody by Respondents on September 24, 2026, and is being detained in the Middle District of Tennessee pursuant to the direction of the Respondents. The Petitioner alleges that, because of a recent Sixth Circuit decision that would require the Petitioner to be immediately released by the Respondents, they have a practice of transferring detainees out of the geographical area governed by the Sixth Circuit Court of Appeals, and that he feared such

a transfer would happen to him before his Emergency Petition for Writ of Habeas Corpus and Complaint for Injunctive and Declaratory Relief (ECF No. 1) could be heard.

The Court finds that the Petitioner has established grounds for a temporary restraining order. He has shown a strong likelihood of success on the merits, would suffer the irreparable injury of continued detention and possible deportation absent an injunction, the injunction would not cause substantial harm to others, and it is in the public interest that he be maintained in this district so that his Petition for Writ of Habeas Corpus can be heard under prevailing Sixth Circuit law. *S. Glazer's Distrib. Of Ohio, LLC v. Great Lakes Brewing Co.*, 860 F.3d 844, 849 (6th Cir. 2017).

Moreover, a federal court retains authority to modify prospective injunctive relief when changed or newly discovered circumstances warrant doing so. *See System Federation No. 91, Railway Employees' Department v. Wright*, 364 U.S. 642, 647–48 (1961) ("[A] sound judicial discretion may call for the modification of the terms of an injunctive decree if the circumstances, whether of law or fact, obtaining at the time of its issuance have changed, or new ones have since arisen."). Section 2243 likewise directs a habeas court to "dispose of the matter as law and justice require." 28 U.S.C. § 2243. *See Khazanov v. Bullock*, No. 3:26-cv-00401 ECF No. 6 (M.D. Tenn. April 6, 2026) (Trauger, J.) (issuing Temporary Restraining Order providing that the petitioner could not be moved outside the Middle District of Tennessee and further providing that, if the petitioner had already been moved outside this District before entry of the amended order, he could not be moved outside Tennessee).

Accordingly, the following are hereby ORDERED:

1. The Respondents, and all persons acting in concert or participation with them who receive actual notice of this Order, shall not transfer the Petitioner outside of the

Middle District of Tennessee pending resolution of the Petition for Habeas Corpus (ECF No. 1);

2. If Petitioner has already been moved outside the Middle District of Tennessee before entry of this Order, the Respondents, and all persons acting in concert or participation with them who receive actual notice of this Order, shall not transfer the Petitioner outside of the state of Tennessee pending resolution of the Petition for Habeas Corpus (ECF No. 1);
3. The Respondents, and all persons acting in concert or participation with them who receive actual notice of this Order, shall not remove, deport, or otherwise cause Petitioner to depart from the United States of America pending resolution of the Petition for Habeas Corpus (ECF No. 1);
4. No Bond required.

4\. The Clerk and counsel for Petitioner are DIRECTED to send immediate notice of this Order to the United States Attorney's Office for the Middle District of Tennessee by CM/ECF and by any additional expedited means available to the Clerk.

5\. The Clerk and counsel for Petitioner are DIRECTED to send immediate notice of this Order to the United States Attorney's Office for the Western District of Tennessee via email (specifically, email to the United States Attorney for the Western District of Tennessee at michael.dunavant@usdoj.gov and to the Civil Chief of the United States' Attorney's Office in the Western District at stuart.canale@usdoj.gov, and by any additional expedited means available to the Clerk.

This Order shall remain in effect until the hearing scheduled for October 9, 2026, at 3:00 P.M.

IT IS SO ORDERED on September 25, 2026 at 8:00 A.M.

ALETA A. TRAUGER
U.S. DISTRICT JUDGE

Date: September 24, 2026

Respectfully submitted,

/s/ Mallory K. Schiller
Mallory Kathryn Schiller, Esq.
TN BPR # 036191
MK Schiller Law
35 Erin Lane
Nashville, TN 37221
(931) 854-5174
mallory@mkslaw.help
*Attorney for Petitioner*