**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **KIROLESS SAMIR HABIB ABDELMALAK,** | ) | |
| **Petitioner,** | ) | |
| **v.** | ) | **Case No. 3:26-cv-01366** **Judge Aleta A. Trauger** |
| **MARKWAYNE MULLIN, *et al.*,** | ) | |
| **Respondents.** | ) | |

**MEMORANDUM & ORDER**

The court held a hearing on October 9, 2026 on the Petition for a Writ of Habeas Corpus (Doc. No. 1) filed by Kiroless Samir Habib Abdelmalak (the "Petitioner") and the Temporary Restraining Order entered by the court on September 25, 2026. (Doc. No. 5.) During the hearing, the respondents (collectively, the "Government") conceded that the Petitioner's detention was governed by the discretionary detention framework of 8 U.S.C. § 1226(a). However, the record establishes that the Government failed to provide the Petitioner with an individualized, pre-deprivation bond hearing to challenge his detention, as required by § 1226(a) and the Sixth Circuit's binding decision in *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026). Thus, the Petitioner is being unlawfully detained by the Government. The Petition is therefore **GRANTED**.

The court **DECLARES** that (1) the Petitioner is subject to 8 U.S.C. § 1226(a)'s discretionary detention framework; and (2) the Petitioner's continued detention under 8 U.S.C. § 1225(b)'s mandatory detention framework is unlawful. The Government is **PERMANENTLY ENJOINED** from re-detaining the Petitioner under 8 U.S.C. § 1226(a) absent providing the Petitioner with an individualized, pre-deprivation hearing that comports with all relevant statutory and constitutional requirements.

The Government is **ORDERED** to immediately release Petitioner from custody without any restraints imposed on the Petitioner's liberty that did not otherwise exist before his detention on September 18, 2026. The Petitioner's release **SHALL** occur (i) in no case later than 2:00 p.m. Central Time on Saturday, October 10, 2026; and (iii) with all possessions, property, and documents that Petitioner had at the time he was taken into custody. The Government is **FURTHER ORDERED** to file a Status Report with the court no later than 1 p.m. CST on October 13, 2026 to certify compliance with this Order.

The Petitioner's request for attorneys' fees and costs under the Equal Access to Justice Act ("EAJA"), as amended, 28 U.S.C. § 2412, must be made by a separate motion.

It is so **ORDERED**.

ALETA A. TRAUGER
United States District Judge